## THOMAS WILKINS *vs.* GEORGE A. BARNES ET AL.

Third Judicial District, Bridgeport, October Term, 1929.
WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued October 23d, 1929—decided January 6th, 1930.

*Robert H. Alcorn,* with whom, on the brief, was *William F. Alcorn,* for the appellant (plaintiff).

*Samuel Campner,* for the appellees (defendants).

BANKS, J. At a meeting of the creditors of George B. Mansfield, who had become financially embarrassed, the defendants were elected a creditors' committee to take over his assets and wind up the business in the interest of all creditors, which they proceeded to do.

The plaintiff, who was related to Mansfield by marriage, had a claim against him upon a note which with interest amounted to $1775.50. The defendant Barnes wrote to the plaintiff, who lived in Pasadena, California, advising him of the situation, and stating that it was felt they could pay creditors one hundred cents on the dollar if the plaintiff would withdraw his claim "for the present," which he requested him to do. The plaintiff replied: "Am willing to withdraw my claim for any reasonable length of time, but would expect percentage due me." The defendants have collected assets of the estate to the amount of $2568.35 and paid an eighty per cent dividend on claims totaling $3018.93, not including the claim of the plaintiff upon which they have paid nothing. They have not to exceed $300 on hand, and outstanding accounts of about $800 which have been in the hands of a sheriff for collection for about a year. If the plaintiff's claim had been included the total liabilities would have been $4794.43 and the percentage paid to creditors would have been .5357. This percentage upon plaintiff's claim would be $950.87 for which amount he claims the defendants are personally liable to him.

It was the duty of the defendants as trustees for the creditors to collect the assets and distribute the net proceeds ratably among them. The plaintiff was entitled to receive from them the same percentage of his claim as other creditors unless it was waived as a result of the letters passing between himself and the defendant Barnes. Barnes' letter asked the plaintiff to withdraw his claim "for the present" which could mean no more than to forbear to press it and thus enable the defendants to proceed with the settlement of the estate, as they could not do if any creditor took action to enforce the collection of his claim. That this is the sense in which the plaintiff understood it

is clear from his reply in which he agrees to withdraw his claim "for any reasonable time" but states that he would expect the percentage due him. That does not indicate a willingness to subordinate his claim to those of the other creditors, but on the contrary states his expectation to share equally with them in the distribution of the assets of the estate. The defendants were not justified in putting any other construction upon it, and it was their duty, in making distribution of the assets, to treat the plaintiff's claim on the same basis as those of the merchandise creditors. The complaint alleges that their failure to pay any portion of the plaintiff's claim was in violation of their duty, and the agreed statement of facts discloses such violation of duty as trustees which renders them personally liable to the plaintiff.

There is error, the judgment is reversed and the cause remanded to the Court of Common Pleas with direction to enter its judgment in favor of the plaintiff to recover of the defendants $950.87 with interest from the date of the dividend payment.

In this opinion the other judges concurred.